# 95 DTA 48

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

IVAN AYALA CADIZ, en su carácter de Secretario del
Departamento de Asuntos del Consumidor (José A. Rodríguez)
Demandante-Recurrido

v.

**FRANCISCO IRIZARRY**
Demandado-Recurrente

Núm. KLCE-95-00033

San Juan, Puerto Rico, a 10 de abril de 1995

Panel integrado por su presidenta, la Juez López Vilanova,
la Juez Fiol Matta y el Juez Rodríguez Maldonado

López Vilanova, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita que revoquemos la sentencia dictada por el Tribunal Superior, Sala de San Juan, el 23 de enero de 1995, ██ que confirmó en apelación la dictada por el Tribunal de Distrito el 22 de febrero de 1994. Tomado el presente recurso como *Certiorari*, ██ en virtud de las disposiciones de la Regla 18 del Reglamento del Tribunal Supremo de Puerto Rico y la Regla 18 B(2)(c) del Reglamento del Tribunal de Circuito de Apelaciones, resolvemos.

El peticionario reproduce ante nos los planteamientos que presentó anteriormente ante el Tribunal Superior y que fueron rechazados por éste. Concluyó el tribunal de instancia que en su recurso de apelación el recurrente pretendía impugnar una orden del Departamento de Asuntos del Consumidor (DACO), de 6 de febrero de 1992, que advino final y firme. No erró el Tribunal al así resolver. Nos explicamos.

Los hechos que dan lugar a la presente solicitud tienen su origen en una resolución de 6 de febrero de 1992, dictada por la agencia como resultado de una vista administrativa celebrada el 5 de agosto de 1991. En dicha vista, el DACO confirmó una orden de fijación de alquiler máximo que había expedido el 10 de julio de 1990 para la unidad comercial del aquí recurrente. La mencionada orden disponía para la rebaja **retroactiva** del canon de alquiler. Presentado el recurso de revisión ante el Tribunal Superior, éste desestimó por falta de jurisdicción por cuanto el propietario Francisco Irizarry no presentó reconsideración a la

resolución recurrida conforme dispone la sección 3.15 de la Ley Núm. 170 de la Ley de Procedimiento Administrativo Uniforme (3 L.P.R.A. 2165). El señor Irizarry no recurrió de esta determinación del Tribunal Superior. Por ello, la resolución advino final y firme.

El 10 de junio de 1992, el inquilino beneficiado por la rebaja retroactiva ordenada el 10 de julio de 1990 y confirmada el 6 de febrero de 1992, presentó querella ante el DACO, solicitando el reembolso de los cánones pagados en exceso. La agencia así lo ordenó en resolución fechada el 27 de octubre de 1992. Ante el incumplimiento del aquí apelante con dicha orden, el DACO acudió al Tribunal de Distrito, Sala de San Juan. Este dictó sentencia ordenando el cumplimiento según solicitado. Además, impuso al aquí apelante el pago de quinientos dólares ($500) por concepto de honorarios de abogado y trescientos dólares ($300) para los gastos y honorarios del proceso de ejecución en caso de incumplimiento. Es de esa sentencia que acude en apelación al Tribunal Superior.

La contención del apelante es que, al ordenar el reembolso en octubre de 1992, el DACO contraviene una orden interna contenida en un memorando interno del Subsecretario de la agencia, de fecha 22 de septiembre de 1992, según la cual *"no se concederán reembolsos en casos bajo la ley de alquileres razonables"*. Un memorando posterior del Secretario Auxiliar de Asuntos Legales del Departamento, de fecha 18 de mayo de 1993 y por tanto posterior a la resolución administrativa que nos ocupa, aparentemente aclara que esta limitación se aplica tan sólo a casos de fijación de alquiler en que no haya inscripción previa de la propiedad. Cabe señalar de paso que esta orden interna en la cual se fundamenta el apelante no es más que una guía para la interpretación de la Ley de Alquileres Razonables y no tiene valor de regla o reglamento.

Lo cierto es que la retroactividad de la rebaja de alquiler que da base al reembolso solicitado por el apelante y ordenado por el DACO surge del procedimiento de fijación de alquiler que culminó en la resolución de 6 de febrero de 1992, meses antes de la orden interna a que alude el apelante. El procedimiento posterior ante el Tribunal de Distrito, que es el que motiva su apelación sólo tiene el propósito de lograr el cumplimiento con lo dispuesto en dicha resolución que ya era final y firme. Más aún, la propia resolución de 27 de octubre de 1992 ordenando el reembolso también advino final y firme sin que el aquí apelante, entonces querellado, recurriera de la misma.

Es evidente del recuento anterior que en este procedimiento judicial el apelante pretende impugnar colateralmente la validez de una determinación administrativa que advino final y firme en dos ocasiones o incidentes adjudicativos separados. Ello es improcedente en derecho.

Por todo lo anterior se confirma la sentencia apelada.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaría General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 48**

1. Hon. Angel González Román, Juez de Apelaciones, Unidad Especial de Jueces de Apelaciones. La sentencia fue archivada en autos el 25 de enero de 1995.

2. El recurrente presentó el mismo como recurso de apelación.